[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13297

_____

D. C. Docket No. 04-01194-CV-HS-NE

DAVID MOORE,

Plaintiff-Appellant,

versus

CULLMAN COUNTY COMMISSION,
TYLER RODEN,
BRIAN BUEGLER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 13, 2006)**

Before TJOFLAT and COX, Circuit Judges, and GEORGE*, District Judge.

_____

*Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

PER CURIAM:

This appeal arises out of a lawsuit brought by David Moore against the Cullman County Commission ("the Commission"); Tyler Roden, the Sheriff of Cullman County; and Brian Buegler, the Jailer of the Cullman County Jail. On June 10, 2003, Moore had been sentenced and was housed in the Cullman County Jail pending transport to another facility. Moore alleges that, for several hours that night and into the morning of June 11, 2003, he was attacked by fellow inmates. Count I of Moore's Amended Complaint alleges that all three Defendants violated Moore's constitutional rights as protected by the Eighth and Fourteenth Amendments to the United States Constitution. He seeks damages pursuant to 42 U.S.C. § 1983. Counts II and III of the Amended Complaint allege state law claims for negligence and wantonness against Roden and Buegler. The district court entered summary judgment for all three Defendants. Moore appeals.

In June 2003, the conditions at the Cullman County Jail were deplorable. The facility was old, overcrowded and in disrepair. Cells could not be locked for fear that they could not be opened in an emergency; as a result, inmates were free to move between cells and day rooms. Because of extreme overcrowding, inmates were forced to sleep on mattresses in hallways, corridors, and day rooms. Inmates had uncontrolled access to cleaning supplies, including a mop and chemicals that were

used in the attack on Moore. Applying the test we set forth in *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001), and construing the evidence in the light most favorable to Moore, the district court found that these conditions posed a substantial risk of serious harm to the jail's inmates. The district court held, however, that no violation of Moore's constitutional rights had occurred because the Defendants were not deliberately indifferent to the risk. We agree.

For officials to be liable for a violation of an inmate's constitutional rights, the officials must be deliberately indifferent to the risk to the inmate's safety. That is, the officials must be "aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk." *Marsh*, 268 F.3d at 1027 (citing *Farmer v. Brennan*, 511 U.S. 825, 844, 114 S. Ct. 1970, 1982-83 (1994)). Moore provides no evidentiary support for his argument that the Commission was deliberately indifferent to the risk of harm. Indeed, the only specific fact that he alleges the Commission knew was that "the lack of cell security allowed inmates to roam at will." Blue Brief at 12; R. 1-35 at 8-9. We will not discuss whether knowledge of this fact would be sufficient to constitute knowledge of a substantial risk of serious harm because the deposition testimony that Moore cites to support this statement does not support a conclusion that the Commission knew anything. That testimony states only that the cell doors were not locked and that inmates were able

to move between cells and the day room. In an effort to bolster his claims against the Commission, Moore argues that the Commission must have known of the risk because it was a party to a previous settlement of a similar lawsuit alleging poor conditions at the jail. This bald allegation is insufficient to support Moore's claim. Moore fails to put forth sufficient evidence for a jury to find that the Commission was aware of a substantial risk; therefore, summary judgment for the Commission was proper.

Moore does present evidence that Roden and Buegler knew of the conditions at the jail. We find that the undisputed evidence is that Roden and Buegler were aware of the substantial risk to the inmates. However, evidence of this knowledge alone does not suffice to prove deliberate indifference. If Roden and Buegler took reasonable measures to alleviate the risk that the jail conditions posed, then they are not liable to Moore pursuant to 42 U.S.C. § 1983.

Moore argues that the conditions at the Cullman County jail and Roden and Buegler's responses to those conditions replicate those that this court found sufficient to state a claim in *Marsh*. But there are significant factual differences here. This is not a case, like *Marsh*, in which the plaintiff alleged that no head counts of prisoners were made, cells were not visually inspected, and no jailer was assigned to maintain prisoners' security on the floor where most of the inmates were housed. Undisputed evidence shows that, pursuant to policies put in place by Buegler, the Cullman County

4

jail staff monitored the entire jail. It was the jail policy and the practice of the staff to make frequent in-person inspections of the inmates' quarters. And, during the night of June 10-11, 2003, the jail staff walked along the corridor adjacent to the area where Moore was housed to inspect that area numerous times. It is also undisputed that, to deal with overcrowding at the jail, Buegler asked Roden for more staff. Roden requested monies from the Commission with which he could hire additional jail staff; when he received some monies, he increased staffing at the jail.

A jury could find that these were reasonable efforts by Buegler and Roden to address the risks to inmates at the Cullman County jail. But we need not determine the reasonableness of Roden's and Buegler's actions because, if their response to the risks was even arguably reasonable, they are entitled to qualified immunity barring the § 1983 claim against them. *Marsh*, 268 F.3d at 1034. "A government-officer defendant is entitled to qualified immunity unless, at the time of the incident, the 'preexisting law dictates, that is, truly compel[s],' the conclusion for all reasonable, similarly situated public officials that what Defendant was doing violated Plaintiffs' federal rights in the circumstances." *Marsh*, 268 F.3d at 1030-31(quoting *Lassiter v. Alabama A&M Univ.*, 28 F.3d 1146, 1150 (11th Cir.1994) (en banc)). We find that Roden's and Buegler's actions were arguably reasonable. Roden and Buegler attempted to address the problems at the jail, and no preexisting law put them on

notice that their responses to the risks were unreasonable. Thus, they are entitled to qualified immunity; and summary judgment was appropriate on the § 1983 claim asserted against them.

Finally, we agree with the district court that summary judgment was due Roden and Buegler on Moore's state law claims. Moore concedes that, under Alabama law, these claims are barred by State Actor Immunity and Law Enforcement Immunity unless these Defendants acted willfully or in bad faith. The evidence, even when viewed in the light most favorable to Moore, does not support a finding of willfulness or bad faith by Roden or Buegler.

AFFIRMED.